## Case No. 7,135.

JACKSON v. The FLETA.

[1 La. Law J. 173.]

Circuit-Court, D. Louisiana.   May, 1876.

Richard De Gray, for libellant.

Singleton & Browne and John P. Smith, for claimant.

BRADLEY, Circuit Justice.   The libellant in this case was steward on board the Fleta, at the wages, as he says, and as I think was the fact, of sixty dollars a month. He was injured on the 15th of February, 1875, while at work on the boat, in pursuance of his duty, by the fall of a boat which was swung on a pair of derricks, and was being hoisted to the hurricane roof. The boat fell in consequence of one of the derricks breaking. Jackson was considerably injured; his arm was badly broken; and he was bruised on the head, and struck senseless for the moment. He received temporary medical care, under the direction of the master of the boat, until she returned to New Orleans, a few days afterwards. He then went to the hospital, where he remained a little over two months. On the 24th of April he was so far recovered as to take his place again on the boat, carrying his arm in a sling. He remained on the Fleta till she lay up for repairs in July, when he was discharged. His arm remained useless for some time afterwards, though he was able to attend to the ordinary duties of his employment when not requiring the use of both his hands.

Several questions are raised in the case, by the master and claimants of the vessel, which it is necessary to dispose of.

First, it is alleged that Jackson had no business where he was at the time, having been ordered to do the work he was at before, which was the taking up of canvass off of the quarter-guards, to enable the carpenter to repair the deck. This objection has no merit whatever. The work was to be done; he was in the line of his duty at the time; and the captain made no objection to the time of doing the work. It was work that he had ordered Jackson to do; and the latter fully explains the cause of its having been delayed.

Secondly, it is alleged that the mate called out to him and warned him and two boys near him to get away from under the boat. There is conflicting evidence on this subject. The cook, who stood within three feet of Jackson, says he heard no such warning, but would have done so had it been given; and Jackson himself says he heard none, and, if any had been given, he could not have heard it from the noise of the machinery immediately under him, he being bent down to the deck, resting on one knee, prying up the tacks which held the canvass. I do not think he would have been so utterly foolish as to have remained in the danger had he been warned of it. He says he did not known that they were hoisting in the boat. I think there is nothing in this objection.

The next question is whether the accident was occasioned by any negligence on the part of the master or owners of the vessel. The libellant alleges that the derrick which gave way was rotten, and several witnesses say it was rotten; but the captain, mate, and others deny this, and say that it was sound. To explain how it was that a sound derrick over four inches in diameter could have broken into three pieces whilst hoisting a small skiff not over twelve or thirteen feet long, the mate and others say that the steamer struck the bank accidentally just at that time, and the blow caused the skiff to swing violently, and thus to break the derrick by the suddenness of the jerk. As there is so much conflict of evidence on this subject, I do not know that I can hold the master or owners of the steamer liable on the ground of negligence. But there is a rule of maritime law which entitles a seaman, who has received injuries, or has become sick in the course of his employment, to be allowed wages and to be taken care of until he is cured. The limits of this right have not been clearly defined in respect to internal navigation. But I think the libellant is clearly entitled to the benefit of this rule for the time that he was in the hospital and until he was re-employed on the steamer.

I have read with care the opinion of Judge Durell in the case of Jones v. The Tidal

Wave [unreported], and two other cases, in which he discusses this subject; and I am inclined to adopt his views in relation thereto. A decree will be entered that the libellant recover his wages at the rate of sixty dollars per month from the time .when he was taken to the hospital after his injury until his re-engagement as steward on the Fleta, the 24th of April, 1875, and also a reasonable sum for board and medical attendance during that time; and it will be referred to Mr. M. M. Cohen, a commissioner, to ascertain the amount due libellant for such wages, board, and medical attendance.